FLETCHER, Judge.
Coral Gables Hospital, Inc. [the Hospital] appeals the trial court’s final judgment and denial of the Hospital’s post trial motions in this wrongful death action. After careful consideration, we reject the Hospital’s appeal and affirm the trial court.
We discuss only one of the issues raised, that is, the trial court’s denial of a Hospital motion for a directed verdict. The Hospital challenged the appellees’ right to contend in a wrongful death action that the decedent, and not the reputed father, was the true biological father of the two minor children. The trial court disagreed with the Hospital’s position and allowed the issue to be adjudicated, the result of which was the conclusion that the two minor children are the biological children of the decedent, thus entitled to an award of damages as survivors under the Wrongful Death Act.
In support of its position here, the Hospital cites Achumba v. Neustein, 793 So.2d 1013 (Fla. 5th DCA 2001), in which the Fifth District Court concluded that paternity is an issue that cannot be resolved in the context of a wrongful death action. Judge Griffin, however, dissented, pointing out (at 1017) that “there is no reason the relationship of the natural child to the wrongful death victim cannot simply be alleged and proved up in a wrongful death action.” The instant case is the proof of that pudding.[1] The Hospital offers no suggestion as to how it was or could be prejudiced by this simplest of methods to adju *1028 dicate the issue, particularly in this time of availability of DNA testing.
Accordingly, we affirm the post trial orders and the final judgment and certify conflict with Achumba v. Neustein, 793 So.2d 1013 (Fla. 5th DCA 2001).
Affirmed.

. DNA test results introduced at trial herein showed that the decedent was the biological father to a 99.99% chance.